UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DANIEL EDWARD VAHEY,           )
                               )
        Plaintiff,             )
                               )
    v.                         )    No. 4:08CV1856 FRB
                               )
PROFESSIONAL SECURITY          )
CONSULTANTS,                   )
                               )
        Defendant.             )

### MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff's filing of a motion to appoint counsel [Doc. #4], motion to amend the complaint [Doc. #9], and motion for entry of Clerk's default [Doc. #11].

### Background

Plaintiff filed the instant action, as well as a motion for appointment of counsel, on December 2, 2008. On April 3, 2009, this Court granted plaintiff leave to proceed in forma pauperis and ordered the Clerk of Court to issue process on the original complaint. Summons issued on the complaint on April 3, 2009, and was returned executed on May 26, 2009. On April 3, the Court received plaintiff's motion to amend the complaint and proposed amended complaint; the said documents were docketed on April 9, 2009. On June 4, 2009, plaintiff filed a motion for entry of default.

## Discussion

There is no constitutional or statutory right to appointed counsel in civil cases. <u>Nelson v. Redfield Lithograph Printing</u>, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. <u>Battle v. Armontrout</u>, 902 F.2d 701, 702 (8th Cir. 1990); <u>Johnson v. Williams</u>, 788 F.2d 1319, 1322-23 (8th Cir. 1986). After considering these factors, the Court finds that the facts and legal issues involved in the instant case are not so complicated that the appointment of counsel is warranted at this time.

Regarding plaintiff's amended complaint and motion for entry of default, the Court notes that because this is the first time plaintiff has amended his complaint and, to date, a responsive pleading has not been filed in this case, plaintiff is not required to obtain leave of court prior to filing the amended complaint. <u>See</u> Fed. R. Civ. P. 15. Moreover, because defendant was not served with a copy of the amended complaint, plaintiff's motion for entry of default will be denied. The Court will order the Clerk of Court

to issue process on the amended complaint as to defendant Professional Security Consultants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend the complaint [Doc. #9] is **DENIED** as moot. The Clerk of Court shall detach, file and docket forthwith plaintiff's amended complaint, submitted as an attachment to plaintiff's motion to amend.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue on the amended complaint.

**IT IS FURTHER ORDERED** that plaintiff's motion for entry of default [Doc. #11] is **DENIED**, without prejudice.

Dated this _21st_ day of July, 2009.

_____
**UNITED STATES MAGISTRATE JUDGE**